# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JASON D. LANE                                                               PLAINTIFF

V.                                              CIVIL ACTION NO.: 4:18CV139-JMV

UNKNOWN GRIFFIN, UNKNOWN RANDY, and
RICHARD PENNINGTON                                       DEFENDANTS

## ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Jason D. Lane, an inmate at the Mississippi State Penitentiary at Parchman ("Parchman"), has filed a civil rights action pursuant to 42 U.S.C. § 1983 against Parchman transport officer, Mr. Griffin; Valley Food Services Kitchen Supervisor, Mr. Randy; and against Parchman Administrative Remedies Program ("ARP") Director, Richard Pennington. Having fully considered Lane's allegations and the applicable law, the Court finds this complaint is frivolous and fails to state a claim upon which relief may be granted.

### I. Plaintiff's Allegations

Lane alleges that on July 31, 2017, he was a passenger in a transport van driven by transport officer Griffin that was returning to Unit 29 at Parchman from a medical visit. He alleges that while the van was sitting the gate waiting for it to open, a food services truck driven by Randy backed into the transport van, thereby injuring Lane's neck and back. Lane and the other passengers in the van were taken to the on-site medical unit, where Lane received Advil and Ibuprofen.

Lane filed the instant § 1983 action on or about June 20, 2018, alleging that he was harmed by Randy's actions and Griffin's failure to act. He further alleges that he was improperly denied ARP relief by Pennington. He asks the Court to award him monetary

damages and to transport him to another facility to address his "safety concerns as a result of this lawsuit." Doc. #1 at 5.

## II. Screening Standards

Because Lane has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## III. Discussion

### A. Defendants Randy and Griffin

Under the Eighth Amendment to the United States Constitution, prison officials must avoid excessive risks to inmate safety. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment is not violated, however, unless the official acts with deliberate indifference to the inmate's health or safety, which occurs only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which

the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Because of the subjective component necessary to establish liability, an officer cannot be deliberately indifferent when an inmate is a victim of an unforeseeable event. *See, e.g., Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003) ("Therefore, in order for liability to attach to a prison official's failure to protect, the substantial risk and the need for protection must be obvious."). Accordingly, negligence or dereliction of duty cannot be the basis of a failure-to-protect claim. *Id.*; *see also Daniels v. Williams*, 474 U.S. 327 (1986) (holding negligence does not state §1983 cause of action).

Here, Lane has not alleged that the food-services driver[1] intentionally rammed the transport van or that Griffin took deliberate action to ensure that an accident occurred, nor has he alleged any facts from which such circumstances could be inferred. Rather, he alleges a fender-bender, which raises, at most, an allegation that Randy and/or Griffin were negligent in their duties. Accordingly, Lane's claims are not supported by any facts that would allow a finding of deliberate indifference by any named defendant, and Randy and Griffin are entitled to be dismissed from this lawsuit.

## B. Defendant Richard Pennington

Lane alleges that Pennington denied him access to the ARP process by failing to respond to his grievances. However, inmates have no constitutional or federal right to a prison grievance procedure, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), and no due process liberty interest in having their grievances resolved to their satisfaction, *Geiger v. Jowers*, 404 F.3d 371, 374-75

---

[1] The Court assumes without deciding that the food-services driver is viable § 1983 defendant. *See* 42 U.S.C. § 1983; *see also Stone v. Gusman*, No. CV 16-1321, 2017 WL 3037632, at *3 (E.D. La. June 21, 2017), *report and recommendation approved,* No. CV 16-1321, 2017 WL 3034362 (E.D. La. July 18, 2017) ("[A]uthority exists for the proposition that a private corporation providing food services in a jail is likewise considered a state actor because it has assumed the role of providing an essential state function.") (citing cases).

(5th Cir. 2005). Accordingly, Lane cannot sustain a claim against Pennington based on his failure to respond to Lane's grievances.

## C. Injunctive Relief

Insofar as Lane requests injunctive relief by way of transfer to another facility, the Court notes that he possesses no constitutional right to be incarcerated at a particular facility, and "[t]he Court has no authority to issue such an order. Placement of state prisoners is a matter left to the discretion of state officials." *George v. Travis*, Civ. Action No. 07-986, 2007 WL 1428744, at *8 n. 12 (E.D.La. May 10, 2007); *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (holding prisoner's "conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons") (emphasis in original). Accordingly, the Court has no authority to grant the injunctive relief requested.

## IV. Conclusion

For the reasons set forth herein, Lane's complaint is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), counting as a "strike" under 28 U.S.C. § 1915(g). A final judgment in accordance with this Order will be entered today.

**SO ORDERED** this 2nd day of August, 2018.

                                              s/ Jane M. Virden
                                        **UNITED STATES MAGISTRATE JUDGE**